IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NAKISHA JACKSON,  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>CHRISTOPHER WRAY, et al.,  )<br>Defendants.  ) | No. 3:23-CV-2363-E-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's three-sentence request for "court service", filed on October 25, 2023 (doc. 7), is liberally construed as a request for service by the United States Marshal, and it is **DENIED**.

Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that a court must order the United States Marshal (USM) to serve a civil complaint if the plaintiff has been authorized to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915 as a seaman under 28 U.S.C. § 1916. Fed. R. Civ. P. 4(c)(3). Otherwise, a court "may" order that service be made by the USM at the plaintiff's request. *Id.* Here, the plaintiff has paid the full filing fee, so she is not proceeding IFP, and she does not allege that she is a seaman.

The United States Court of Appeals for the Fifth Circuit does not appear to have specifically addressed how courts should exercise their discretion to order service by the USM in a fee paid case. The Third and Ninth Circuits have recognized that in 1983, Congress amended Rule 4 "primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions." *Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 83 (3d Cir.1987) (quoting 128 Cong. Rec. H9848–49 (daily ed. Dec. 15, 1982)); *see also Boudette v. Barnette*, 923 F.2d 754, 757 (9th

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

Cir.1991) (noting that the legislative history of Rule 4 shows congressional intent "to relieve the marshal of the duty of routine[ ] servi[ce]" in private civil actions). Accordingly, "the plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the [USM]", and courts should not order service by the USM unless really necessary. Advisory Committee Note, 93 F.R.D. 255, at 262, 128 Cong. Rec. H9848 to 9855, 96 F.R.D. 81, 127. Consistent with congressional intent and the committee note, lower courts have found that a plaintiff must show that service was first attempted through the other means authorized by Rule 4 before seeking an order for service by the USM. *See Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4 (D.D.C. 2003) (citing *Jones v. Goodman*, No. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 20, 1992), and 4A Fed. Prac. & Proc. Civ.3d § 1090)(denying motion for service by the USM where the plaintiff had not attempted service by other means, such as registered or certified mail); *see also Palmer v. City & County of Denver*, No. 18-cv–1–3-REB-STV, 2019 WL 1118025, at *2 (D. Colo. Jan. 8, 2019)(noting that the court had made clear that a plaintiff was required to justify an order for service by the USM and service would not be ordered unless really necessary, in denying the motion); *Tejada v. DelBalso*, No. 3:18-cv-01096, 2018 WL 6268202, at *2 (M.D. Pa. Nov. 30, 2018)(denying motion after noting that there was nothing in the record to suggest that the plaintiff had made any good faith effort to effectuate service of process or to request that the defendants waive formal service); *Thomason v. Moeller*, No. 4:16-cv-141-BLW, 2017 WL 241322, at *5 (D.Idaho Jan. 19, 2017)(declining to exercise discretion to appoint the USM where the plaintiff did not indicate that she had exhausted other reasonable methods of effective service or that she lacked the financial resources to do so); *Oliver v. City of Oceanside*, No. 16-cv-00565-BAS(JLB), 2016 WL 8730533, at *1–2 (S.D. Cal. July 1, 2016)(noting that the plaintiff had not demonstrated that he was unable to serve the defendants through other authorized means)(citing *Bax*, 216 F.R.D. at 4);

*Sharabati v. Sharabati*, No. 4:15-CV-95-DMB-JMV, 2015 WL 4665276, at *12 (N.D. Miss. Aug. 6, 2015)("However, before requesting service by a marshal, the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint." )(citing 4A Federal Practice and Procedure § 1090); *Weidman v. Blackstone Group*, No. 1:14-CV-3785-RWS-LTW, 2015 WL 1097385, at *5 (N.D. Ga. Mar. 11, 2015)(denying motion after noting that the plaintiff had the defendant's corporate address, was not indigent, and had not shown that she could not retain a private process server or other person to serve process).  The Court agrees with, and adopts, this approach.

In this case, the plaintiff simply requests service and states that she is being "stalked by fed agents." In *McKnight v. Madison Parish School Bd.*, No. 07-0030, 2007 WL 3444677, at *1 (W.D. La. Nov. 15, 2007), the court observed that there were other means of service available to the plaintiff that were potentially more efficient and cost effective than service by the USM, including Rule 4(d)'s waiver of service provisions, and it denied the motion for service by the USM.  *See id.* The plaintiff in this case has not shown that she has first attempted service by private means, or why service by the USM is really necessary.

The motion for service by the USM is **DENIED**.

**SO ORDERED on this 27th day of October, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE