IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAKISHA JACKSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:23-cv-2363-E-BT |
| CHRISTOPHER WRAY, et al., | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On October 25, 2023, Plaintiff NaKisha Jackson, proceeding *pro se*, filed her Complaint against Defendants Christopher Wray, Apple, Inc., Unknown Federal Agents, and Charter Communications, and paid the filing fee. Compl. (ECF No. 3). Because Jackson paid the filing fee, she was responsible for serving the Defendants with a summons and a copy of the Complaint, as provided by Rule 4(c) of the Federal Rules of Civil Procedure. Indeed, the Court previously reminded Jackson of this requirement and warned her that her case may be dismissed if she does not file a return of service or otherwise show that she has properly served the Defendants. *See* Order (ECF No. 9). To date, however, Jackson has not effected service on any Defendant. Therefore, the Court should **DISMISS** the action as to all Defendants without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders). A plaintiff's *pro se* status does not excuse the failure to properly effect service of process. *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam).

Here, Jackson filed her Complaint more than 90 days ago. But she has not filed proof of service on any Defendant. Accordingly, the Court should **DISMISS** Jackson's Complaint without prejudice. If Jackson files a valid return of service as to Defendants or shows good cause in writing before the deadline for objecting

to the findings, conclusions, and recommendation expires, the magistrate judge will withdraw the recommendation to dismiss.

**SO RECOMMENDED.**

February 7, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

3